HILTON v. BISSELL and Wife.

The bill stated a decree for the sale of mortgaged premises in a former suit, but not any clause foreclosing the complainant. The decree was alleged to be fraudulent. The defendants pleaded the decree, and that thereby the complainant was barred and foreclosed, &c. An objection that the plea did not allege any new matter, was overruled.

B. purchased land subject to two mortgages, the payment of which he assumed. The junior mortgage belonged to H. B. neglected to pay the interest on the senior mortgage, and it was foreclosed in chancery against B., H. and others. B. purchased the land at the master's sale under the decree and received a deed. There was no surplus. On a bill by H. against B. to foreclose the junior mortgage ; *held*, that the decree and sale were no bar to the suit.

In equity, B.'s bid and purchase will, in favor of H., be deemed a payment and extinguishment of the prior mortgage leaving the land subject to the junior lien.

June 11, 1844.

THE bill in this cause was filed on the 25th day of October, 1843, to foreclose a mortgage executed by John Dougherty to Porter W. Earl, to secure the payment of a bond executed by the mortgagor and Alexander M'Cotter to Earl, both dated 5th December, 1835, and conditioned for the payment of $1400 in four annual instalments with annual interest.

The mortgaged premises were situate in the city of Buffalo.

The bill further stated that the mortgage was, on the 24th of May, 1836, assigned by Earl to the complainant; and the assignment was duly recorded on the 19th day of July, 1836.

On the 6th day of December, 1836, Dougherty and wife conveyed the mortgaged premises to the defendant Bissell for the consideration of $5,032 50, subject to the payment of three-fourths of the amount of the mortgage. The conveyance was also subject to the payment of three-fourths of a prior mortgage on the same premises, executed by Miles Starkweather, David Sprague, and David Sherman to Horace Griffin for $1100, dated February 24th, 1835, and payable 24th February, 1841, with annual interest. The bill charged that by accepting the conveyance, Bissell did thereby expressly assume the payment, and did therein and thereby agree to pay the three-fourths of the

two mortgages. The other fourth of both mortgages had been paid in the beginning of 1841. Jonathan Lovejoy claiming to be assignee of the mortgage executed to Griffin, exhibited his bill of complaint against his mortgagors, the complainant in this suit, Bissell and others; to foreclose that mortgage, and such proceedings were had, that a decree for sale was made, and the mortgaged premises were sold under the same by a master, and the defendant, H. H. Bissell became the purchaser, and has obtained the master's deed of the same, and now claims that he is the owner of the premises discharged of the complainant's mortgage.

The bill also charged that the foreclosure of Griffin's mortgage was a device and contrivance of the defendant Bissell, to obtain the mortgaged premises free and discharged of the complainant's mortgage, and that the foreclosure could not have taken place if Bissell had complied with his covenants in the conveyance to him by Dougherty to pay these mortgages.

When Dougherty conveyed to Bissell, he executed to Dougherty his mortgage of three-fourths of the premises for the consideration expressed of $1050, conditioned for the payment of a part of the purchase money to Dougherty, and also for the payment to the legal holder of three-fourths of the moneys secured to be paid by the bond executed by Dougherty and M'Cotter to Earl, and assigned to the complainant, and also to indemnify Dougherty, according to the condition of a bond, of the same date recited in the mortgage, as having been executed by Bissell. The paper which was recited, is in form such a bond. It was delivered by Bissell, but by mistake was not signed or sealed.

Dougherty is insolvent and destitute of property.

On the 14th October, 1843, Dougherty assigned to the complainant the mortgage executed to him by Bissell, and Bissell's covenants in the conveyance to him to pay the two mortgages, and all his claims and demands of every kind against Bissell.

The mortgage executed to Griffin was foreclosed for interest which had fallen due, amounting to $124.

The bill insisted that all the mortgaged premises, and the defendant Bissell personally, are liable for the payment of the

money due on the mortgage assigned by Earl to the complainant.

The defendants, Bissell and wife, put in a plea to the whole bill, which states, that before the exhibiting of the bill in this cause Lovejoy exhibited his bill before the Vice-Chancellor of the 8th Circuit, to foreclose the mortgage executed to Griffin. To which bill Bissell, Dougherty and the complainant, were made defendants, and such proceedings were thereupon had that on the 22d day of June, 1841, a decree was made by which the defendants, and all persons claiming under them, were barred and foreclosed of all equity of redemption and claim in or to the mortgaged premises, and they insist on this decree as a bar and estoppel.

Bissell further severally pleaded that the complainant and Dougherty, and all claiming under them, are by the decree barred and estopped from claiming from him any thing by reason of the supposed assumption in the conveyance to Bissell, or upon any other ground stated in the bill.

The cause was brought to a hearing on the plea.

*W. Silliman,* for the complainant.

*E. Norton,* for the defendants.

THE ASSISTANT VICE-CHANCELLOR.—I do not consider the objections well founded which are made to the form of the defence.

The provision of the former decree, expressly foreclosing the complainant, is not stated in the bill, and is not a necessary inference from any thing which is stated.

And the part of the plea which is supposed to constitute a separate bar for the husband, is merely an application of the defence previously stated, to the personal claim made against him by the bill. It sets up no new fact. It is, at the most, surplusage.

The question on the merits of the plea, is not difficult.

When the defendant purchased the equity of redemption

from Dougherty, he expressly assumed the payment of the complainant's mortgage, and also the prior mortgage to Griffin; and by the deed which he received, agreed to pay the amount secured by those mortgages which then remained unpaid. Instead of fulfilling this agreement, by his device and contrivance, the mortgage to Griffin was foreclosed, the premises sold under it, and the defendant became the purchaser for the amount payable to the first mortgagee under the decree of foreclosure.

The object of this contrivance was to enable the defendant to obtain the mortgaged premises free and discharged from the complainant's mortgage.

In effect, the defendant used the money which he was bound to apply to the payment and extinguishment of Griffin's mortgage, for the purpose of buying the land under that mortgage. And instead of leaving the premises subject to the complainant's mortgage as the first lien, which would have been the effect of an honest application of his money; the defendant claims that he has so applied it as to cut off entirely the lien of that mortgage. He has satisfied Griffin, but in such a mode that he thereby annihilates the second mortgage. This is substantially the ground assumed by the plea.

Looking beyond the forms through which the defendant has effected this arrangement, it is a payment of Griffin's mortgage. He was bound by his covenant to make such payment. It was his duty to discharge that mortgage. This court cannot permit him so to perform that duty, as to defeat the whole benefit secured by the covenant to the parties for whose protection it was made. No one can take advantage of his own wrong. And equity, disregarding the forms of title which the defendant has managed to acquire, will consider him as the owner of the land subject to the complainant's mortgage, and discharged from the mortgage to Griffin.

The decree of foreclosure on the latter, would doubtless have been conclusive against the complainant in favor of a bona fide purchaser of the premises under it. But the defendant does not occupy that position, and the court cannot permit him to set up as a bar to the complainant's right, a foreclosure obtained by his own contrivance and breach of covenant.

If he did not intend to do injustice, he should have bid enough to have paid both mortgages, or acknowledged his continuing liability on the mortgage in question.

The case is analogous to a redemption on payment by the debtor, of a bid on a sheriff's sale on a prior judgment. (See *Wood* v. *Colvin*, 5 Hill's R. 228, per Bronson, J.)

It comes directly within the principle of *Torrey* v. *Bank of Orleans*, (9 Paige's R. 649,) affirmed on appeal, in the Court for the Correction of Errors, December, 1843.

The plea must be disallowed, and the defendants must answer the bill and pay the costs in twenty days after service of the order.